Lake, Ch. J.
The relator is the treasurer of school district number eighty-two, aud the defendant of district number twenty-eight, in Otoe county. District eighty-two is a new one created by a division of number twenty-eight, by order *268 of the county superintendent of public instruction, on the 24th of March, 1875.
A division was also ordered by the superintendent, as the,statute requires, of certain monies which had been raised in the old district, and was on hand at the time the new district was formed. It is not disputed that this division of funds was in strict compliance with the statute on this subject, nor that the relator as treasurer of the new district, was entitled to the proportion set apart to it. But the defendant in his answer to the alternative writ alleges: First. That no legal demand for the money was made upon him, no order therefor from the proper district officers having been presented to him. Second. That on the 18th of June an arrangement was entered into between the officers of the two districts, respecting said funds, whereby district twenty-eight was to pay, at once, the whole amount due from the teacher’s fund (which has been done) and $100 of the amount due from the special fund ; in consideration of which district eighty-two was to wait for the balance until it could be raised by a tax to be levied for that purpose. Third. That prior to the service of the alternative writ, arrangements had been perfected in his district for the erection of a school house, and the money in controversy drawn from his hands, by an order of the director and moderator, and placed in the hands of a committee appointed to take charge of the work. That the funds were wholly beyond his control.
~We have examined the testimony, reported by the referee, and think it proves all the material averments of the answer. As to the agreement, however, all that need be said is, that it was entirely unauthorized and void, and would furnish no excuse whatever for not paying over the money, were it still in the defendant’s hands. The statute points out very clearly what disposition shall be made of property and money owned by a school district when it is divided, and this direction should be *269 carefully followed. After the superintendent had divided these funds, the old district liad no right whatever to use, in any manner, nor for any purpose, the proportion set apart to the new pile. But however wrongful may have been the action of the officers of district twenty-eight, in this respect, the fact that the money was not within the control of the defendant, at the time the writ was served upon him, is a sufficient excuse for not pay-it over to the relator.
It is suggested that this building fund was drawn from the defendant, and paid over to the building committee, for the express purpose of placing it beyond the reach of the relator. This may be true. Indeed we think the evidence very clearly justifies such an inference. But whatever may have been the motive which prompted this extraordinary action, whereby the money was drawn from the treasurer and placed in the hands of a committee to be expended, the fact that it was done, and thereby placed beyond the defendant’s reach, is a sufficient reason why the peremptory writ should be withheld. It should not be issued when it is ascertained that the desired action is not possible on the part of the defendant.
It only remains now to notice the first point raised by the answer, viz: that no order had been presented for the money from the director and moderator. Section forty-one of the school law provides that “it shall be the duty of the treasurer of each district to apply for, and receive from the county treasurer, all school monies apportioned to the district, or collected for the same by the county treasurer, and to pay over on the oi'der of the director, countersigned by the moderator of such district, all monies received by him.” Gen. Stat., 968. This being the law, the defendant could not be required to respond to a demand made upon him for such money, unless accompanied by an order of the director of his district, countersigned by the moderator, directing him to do so. Before making his demand on the defendant for this money, the relator should have *270 provided himself with the proper order, but not having done so his demand was unauthorized and is of no avail.
A point was made by the relator’s counsel, on the argument, that it appears from the evidence, that a j>roper order for $100, had been presented to tlie defendant, and payment refused by him, notwithstanding he had funds sufficient at the time to have done so. The testimony shows, however, that this order was given in pursuance of said illegal agreement, for a delay of payment of the greater part of the money belonging to the special fund, and that the relator, acting probably under advice of counsel, told defendant that be did not want tlie money which this order called for.
For these reasons, the peremptory writ must be denied, and the relator left to his remedy by an ordinary civil action.
Writ denied.
The other judges concurred.